WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Frank Pate and Leila Pate, | No. CV-14-02202-TUC-CRP |
| Plaintiffs, | **ORDER** |
| v. | |
| Laura Cheng, | |
| Defendant. | |

The Magistrate Judge has jurisdiction over this matter pursuant to the parties' consent. See 28 U.S.C. § 636(c).  (*See* Doc. 22).

Pending before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Motion for Sanctions (Doc. 7).  After Defendant's Motion was fully briefed, Plaintiffs filed a Notice of Dismissal Without Prejudice (Doc. 23).

As discussed below, Plaintiffs' Notice of Dismissal Without Prejudice automatically terminated this action and, thus, all other motions are moot.

**BACKGROUND**

Plaintiffs, acting *pro se,* filed the instant action alleging diversity of citizenship and that Defendant, *inter alia,* had threatened them.  (Doc. 1).   In response, Defendant filed a Motion to Dismiss (Doc. 7) for lack of personal jurisdiction.  Defendant also seeks sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, arguing that the

lawsuit is frivolous.  (Doc. 7).  After filing a response to Defendant's Motion, Plaintiffs obtained legal counsel (Doc. 18) and, thereafter, filed a Notice of Dismissal Without Prejudice[1] (Doc. 23) pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.  Defendant objects to dismissal unless the action is dismissed "with prejudice, or conditioned on the payment of reasonable costs and expenses incurred defending Plaintiffs' frivolous claims as requested in her motions for sanctions."  (Defendant's Objection to Plaintiffs' Notice of Dismissal Without Prejudice (Doc. 24), p. 2) (emphasis omitted).

**DISCUSSION**

Under Rule 41 of the Federal Rules of Civil Procedure, "the plaintiff may dismiss an action without a court order by filing…a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment…."    Fed.R.Civ.P. 41(a)(1)(A)(i).  The Ninth Circuit has been clear that Rule 41 confers on the plaintiff

> an absolute right to voluntarily dismiss his [or her] action prior to service by the defendant of an answer or a motion for summary judgment. A plaintiff may dismiss his [or her] action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required....The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice....Such a dismissal leaves the parties as though no action had been brought.

*American Soccer Co., Inc. v. Score First Enterprises,* 187 F.3d 1108, 1110 (9th Cir. 1999) (quoting *Wilson v. City of San Jose,* 111 F.3d 688, 692 (9th Cir. 1997)) (reversing district court's order vacating voluntary dismissal); *see also Pedrina v. Chun,* 987 F.2d 608, 610 (9th Cir. 1993) (the plaintiff's filing of the notice of dismissal under Rule 41(a)(1)(A)(i)

---

[1] Plaintiffs state that their "counsel offered Defendant's counsel a stipulation to transfer the case to the Northern District of California where Defendant resides…" and defense counsel rejected that offer.  (Plaintiffs' Reply in Support of Plaintiffs' Dismissal Without Prejudice (Doc. 25), p. 5).  Instead of moving for a change of venue, "Plaintiffs have decided to dismiss this case and refile with the help of counsel where personal jurisdiction exists, namely in the Northern District of California."  (*Id.*).

1    "closes the file").  Further, because the language of Rule 41(a)(1)(A)(i) is unequivocal,

2    the "'absolute right' for a plaintiff voluntarily to dismiss an action when the defendant

3    has not yet served an answer or a summary judgment motion leaves no role for the court

4    to play." *American Soccer Co., Inc.,* 187 F.3d at 1110.  Therefore, in light of Plaintiffs'

5    Notice of Dismissal Without Prejudice (Doc. 23), there is no role for this Court to play

6    other than to ensure that the Clerk of Court terminates this action.  *See id.*  The Ninth

7    Circuit has observed that such practice "does not prejudice defendants. If defendants

8    'desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under

9    rule 41(1)(a) [they] may do so by taking the simple step of filing an answer.'" *Id.* at 1112

10   (quoting *Carter v. United States,* 547 F.2d 258, 259 (5th Cir. 1977)).

11          Additionally, Rule 41(a)(1)(B) provides that:

12          Unless the notice [of voluntary dismissal]…states otherwise, the dismissal
            is without prejudice.  But if the plaintiff previously dismissed any federal-
13          or state-court action based on or including the same claim, a notice of
            dismissal operates as an adjudication on the merits.
14

15   Fed.R.Civ.P. 41(a)(1)(B).  Defendant points out that in 2010, Plaintiffs filed a complaint

16   against her in the United States District Court for the Northern District of California and

17   "[t]hat suit was dismissed for lack of jurisdiction."  (Doc. 7, p. 2).  Plaintiffs' California

18   action was dismissed upon motion by Defendant, and not by notice of voluntary dismissal

19   by Plaintiffs.  (*See* Doc. 7, Exh. 1-D; *see also* Doc. 37 *filed in Pate, et. al. v. Cheng,* No.

20   3:10-cv-3968-JSW, (N.D. Cal. May 10, 2011 Order) ("May 11, 2011 Order")).  The

21   District Court for the Northern District of California held that Plaintiffs' allegations of

22   money laundering as alleged failed to state a claim and dismissed the action for lack of

23   jurisdiction because Plaintiffs failed to establish that they were authorized to bring a

24   private cause of action under 26 U.S.C. §7401 for tax collection or penalty.  (May 11,

25   2011 Order, pp.3-4). Consequently, there is no showing on the instant record that

26   Plaintiffs' "previously dismissed any federal-or state-court action based on or including

27   the same claim…."  Fed.R.Civ.P. 41(a)(1)(B).   In light of Rule 41(a)(1)(B), Plaintiffs'

28   Notice of Dismissal Without Prejudice (Doc. 23), results in dismissal of this action

1  without prejudice.

2       Arguably, Defendant's request for sanctions under Rule 11 is moot in light of

3  Plaintiffs' Notice of Dismissal Without Prejudice.   Plaintiffs also point out that

4  Defendant failed to file her motion for sanctions separately from her Motion to Dismiss

5  as required by Rule11(c)(2) ("A motion for sanctions  must be made separately from any

6  other motion….."), and that she failed to comply with Rule 11's safe harbor provision

7  requiring that prior to filing the motion, the movant must first serve the motion on the

8  opposing party and give the opposing party 21 days to withdraw or appropriately correct

9  "the challenged paper…."  Fed.R.Civ.P. 11(c)(2); (*see also* Doc. 25, p. 4).

10       The record is clear that, in contravention of Rule 11(c)(2), Defendant combined

11  her request for Rule 11 sanctions together with her motion to dismiss for lack of personal

12  jurisdiction.  Nor has Defendant argued that she complied with the safe harbor provision

13  of Rule 11. "'[T]he procedural requirements of Rule 11[(c)(2)]'s 'safe harbor' are

14  mandatory.'"   *Radcliffe v. Rainbow Constr. Co.,* 254 F.3d 772, 789 (9th Cir. 2001)

15  (quoting *Barber v. Miller,* 146 F.3d 707, 710-11 (9th Cir. 1998)); *see also Holgate v.*

16  *Baldwin,* 425 F.3d 671, 478 (9th Cir. 2005) ("We enforce this safe harbor provision

17  strictly.").  Failure to comply with the safe harbor provision precludes the moving party

18  from obtaining an award of sanctions.  *See Radcliffe,* 254 F.3d at 789 (reversing district

19  court's grant of Rule 11 sanctions where the moving party failed to comply Rule

20  11(c)(2)'s safe harbor provision); *see also Holgate,*  425 F.3d at 677 ("We must reverse

21  the award of sanctions when the…[moving] party failed to comply with the safe harbor

22  provisions, even when the underlying filing is frivolous.").  Even if Defendant's request

23  for sanctions were not rendered moot by Plaintiffs' Notice of Dismissal, Defendant's

24  failure to comply with the safe harbor provision precludes consideration of her request

25  for sanctions.

26       Accordingly, for the foregoing reasons,

27       IT IS ORDERED that in light of Plaintiff's Notice of Dismissal Without Prejudice

28  (Doc. 23), the Clerk of Court is DIRECTED to enter dismissal without prejudice pursuant

1   to Rules 41(a)(1)(A)(i) and 41(a)(1)(B) of the Federal Rules of Civil Procedure.

2           IT IS FURTHER ORDERED that in light of Plaintiff's voluntary dismissal,

3   Defendant's pending Motion to Dismiss for Lack of Personal Jurisdiction and for

4   Sanctions (Doc. 7) is DENIED as moot.

5           DATED this 24th day of February, 2015.

**CHARLES R. PYLE**
**UNITED STATES MAGISTRATE JUDGE**